### Caleb Evarts v. John L. Smith.

*Slander : Words stated hypothetically : Variance.* Slanderous words uttered in a conditional or hypothetical statement will not support an averment of slanderous words laid as a positive and direct assertion.

*Heard May 12. Decided July 12.*

Error to Oakland Circuit.

This was an action of slander brought by John L. Smith v. Caleb Evarts. The slanderous words, as laid (with variations) in the declaration, were: "He (the plaintiff meaning), swore to a lie." The proof was that in a conversation with one Jones, referring to the testimony of the plaintiff, that the defendant "charged said plaintiff with having sworn to a lie, if he, the said plaintiff, swore as said Jones alleged that he did swear." The plaintiff had a verdict and judgment, and the defendant brought error.

*A. C. Baldwin*, for plaintiff in error.

*M. E. Crofoot*, for defendant in error.

GRAVES, J.

This was an action on the case for slander brought by Smith against Evarts in which the former recovered a verdict.

The slanderous accusation was set forth in the declaration as a positive charge of perjury made by Evarts; but upon the trial it appears that evidence was given on the part of Smith conducing to show that the imputed slander was uttered by Evarts, in a conversation with one Robbins Jones, and consisted of the statement, that if Smith had testified the day before in a case between Evarts and one Valentine, as Jones then represented, he had sworn to a lie. The plaintiff in error objected that this evidence would not warrant a recovery, unless it was likewise proved that Smith in fact testified as Jones represented; but the Circuit Judge held that it would, and so left the case to the jury as to allow them to find a verdict for Smith, based upon proof of the conversation before mentioned between Jones and Evarts. This ruling left the objection of the plaintiff in error against the right of Smith to recover *on this evidence alone,* in full force, and the question is therefore upon the point made by such objection.

The slanderous charge was not set forth as a conditional or hypothetical statement, but was laid as a positive and direct assertion by Evarts, and this could only be maintained by evidence of an accusation in that form.

It was necessary that the evidence should correspond with the allegation so as to identify the specific slander set up and implicate Evarts in the very wrong laid to his charge. But the expression of Evarts to Jones and which was allowed as evidence to the jury to support the declaration, was strictly hypothetical, and hence wholly variant from the averment.

For this error the judgment must be reversed; but as this record is constituted, there is room to argue that no other evidence of slander was given than the conversation

between Jones and Evarts, and as that could not support this declaration, with or without evidence that Smith testified as Jones represented, we do not feel called on to discuss the other questions argued before us.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.